# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| OLIVER BARNETT, ET AL | CIVIL ACTION NO. 12-1576 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RAVISH PATWARDHAN | MAGISTRATE JUDGE MARK HORNSBY |

## MEMORANDUM ORDER

Before the Court are two motions to dismiss and two motions to strike filed by defendants Comprehensive Neurosurgery Network, L.L.C. and Louisiana Medical Mutual Insurance Company. [Record Documents 11 and 36].[1] This medical malpractice action was removed from state court on June 11, 2012. [Record Document 1]. Defendants argue that the complaint should be dismissed, or in the alternative that a significant portion of it should be struck, because the petition filed in state court by plaintiffs Oliver Barnett and Vannie Barnett is overly detailed. For the following reasons, Defendants' motions to dismiss and motions to strike are **DENIED**.

## I. Motions to Dismiss

In support of their motions to dismiss defendants cite only one case, which they contend holds that a "complaint which contains too much detail is subject to dismissal." Mann v. Boatright, 477 F.3d 1140 (10th Cir. 2007). Mann, however, does not hold that a complaint "which contains too much detail" must or even should be dismissed. In

---

[1] Record documents 11 and 36 address the original complaint and the amended complaint, respectively. The motions are identical.

Mann, a lawyer proceeding pro se filed a ninety-nine page single-spaced complaint that contained no discernable legal theories and targeted no particular defendants. Id. at 1148. The court made clear that it upheld dismissal of the pleading because it "was not the district court's job to stitch together cognizable claims for relief from the wholly deficient pleading that [the plaintiff] filed." Id. at 1149. Mann therefore stands for the proposition that a pleading whose vagueness and length make it unintelligible is subject to dismissal. In contrast, plaintiffs' complaint in the instant case alleges discernable claims and facts in support of those claims. Defendants cite no other authority and attempt no analysis in support of their motions to dismiss. Presented only with the misstated holding of one case in support, the Court **DENIES** both of defendants' motions to dismiss.

## II.  Motions to Strike

Defendants argue that paragraphs three (3) through (6), eight (8) through eleven (11), sixteen (16) through thirty-six (36), thirty-eight (38), forty (40) through forty-four (44), and sixty-one (51) through sixty-eight (68) should be struck because they contain immaterial, impertinent, and scandalous allegations. The Court will not reproduce these paragraphs because of their length, suffice it to say that they allege facts related to: 1.) expert opinions that Dr. Patwardhan caused plaintiff's injuries and that his practice fell below the applicable standard of care; 2.) statements by Dr. Patwardhan that he performed an unusually large number of surgeries; 3.) Dr. Patwardhan's past education and current ability to legally perform surgery in Louisiana;

and 4) the nature of plaintiff's injuries and treatment.  [Record Document 1-4].

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain... a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint may allege facts upon "information and belief" where the "belief is based on factual information that makes the inference of culpability plausible." Arista Records v. Doe 3, 604 F.3d 110, 120 (2d. Cir. 2010), see generally 5 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1224 (3d ed. 2012).  Fed. R. Civ. P. 12(f) allows district courts to strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading.  This circuit has held that the "action of striking a pleading should be sparingly used by the courts and that motions to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." U.S. v. Coney, 689 F.3d 365, 379 (5th Cir. 2012) (quotation marks and citations omitted).   "Although unnecessary evidentiary details are usually not stricken from the complaint unless prejudicial or of no consequence to the controversy... evidence pleading, as distinguished from the pleading of ultimate facts, is not favored under the Federal Rules." Winsatt v. Fountainbleau Mgmt. Serv., Civil Action No. 1:10-CV-169, 2010 WL 4810207 at *2 (N.D. Miss. 2010) (citing In re Beef Indus. Antitrust Litig., 600 F.2d 1148, 1168–69 (5th Cir. 1979)).  Material that might offend the sensibilities of a defendant and his attorney is not "scandalous" if it is directly relevant to the controversy at issue and minimally supported in the record. Coney, 689 F.3d at 379-80.

Defendants offer three reasons why the paragraphs at issue should be struck: 1.) they contain facts that may or may not be admissible at trial; 2) they are immaterial to the controversy; and 3.) they contain facts that are unsupported, being asserted "upon information and belief."[2] After Iqbal and Twombly, pleading "upon information and belief" remains permissible so long as the allegations in the pleading raise a facially plausible claim. Ashcroft v. Iqbal, 556 U.S. 662, 684 (U.S. 2009), Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555 (U.S. 2007), Arista Records, 604 F.3d at 120.  All of the allegations made in the paragraphs at issue are material to the controversy and they all pertain to Dr. Patwardhan's alleged breach of the relevant standard of care. Whether or not the number of surgeries performed by Dr. Patwardhan will be admissible at trial, this fact is material to plaintiffs' claims that Dr. Patwardhan treated the plaintiff in a cursory manner.  [Record Document 1-4, p. 2-5, 8-11]. There is no doubt that the opinions of experts regarding Dr. Parwardhan's alleged substandard level of care are material and pertinent to this controversy.

The Court is at a loss to understand defendants' argument that allegations in the pleading that may be inadmissible at trial should be struck from the pleadings. The only

---

[2] Defendants also repeatedly assert that these paragraphs are prejudicial. They decline, however, to explain why these paragraphs are more prejudicial than the contents of any pleading containing allegations that may or may not be proved at trial, relying instead on the three arguments analyzed above. Material that a defendant and his attorney may find prejudicial should not be struck so long as it is directly relevant to the controversy at issue and minimally supported in the record. Coney, 689 F.3d at 379-80. As explained in more detail above, the allegations in the complaint are material to plaintiff's medical malpractice claim. Furthermore, in their opposition to the motion to strike, plaintiffs have filed documents in the record that support their allegations. [Record Documents 45-1, 45-2, 45-3, and 45-4].

argument presented by defendants for why evidence whose admissibility at trial is doubtful should be struck from pleadings is that these pleadings could "make their way to the trier of fact." [Record Document 36-1, p. 4]. Assuming for the sake of argument that the facts alleged in the pleading are inadmissible at trial, the danger that inadmissible material in the pleading will find its way to the jury is eliminated, by definition, through the application of the Federal Rules of Evidence at trial. Any risk that potential jurors will be exposed to the pleadings prior to trial is addressed through the voir dire process. The Court is not persuaded that uncertainty as to whether the facts pleaded by plaintiffs will ultimately be admissible at trial is grounds for striking those facts from the pleadings.

Defendants have failed to show that paragraphs three (3) through (6), eight (8) through eleven (11), sixteen (16) through thirty-six (36), thirty-eight (38), forty (40) through forty-four (44), and sixty-one (51) through sixty-eight (68) are redundant, immaterial, impertinent, or scandalous. Accordingly, the motions to strike [Record Documents 11 and 36] are **DENIED**.

### III. Conclusion

For the foregoing reasons, Defendants motions to dismiss and motions to strike [Record Documents 11 and 36] be and are hereby **DENIED**.

```
SIGNED this 28th day of March, 2013.
```

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE