U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

AUG 2 9 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

OLIVER BARNETT, ET UX

                                   CIVIL ACTION NO. 12-1576

versus                                 JUDGE TOM STAGG

RAVISH PATWARDHAN

## MEMORANDUM RULING

Before the court is a motion for partial summary judgment filed by the plaintiffs, Oliver Barnett and Vannie Barnett (hereinafter collectively referred to as "the Barnetts"). See Record Document 52. For the reasons set forth below, the Barnetts' motion for summary judgment is **DENIED**.

## I. BACKGROUND

In 2008, Oliver Barnett ("Oliver") was 75 years old when he was referred to defendant, Dr. Ravish Patwardhan ("Dr. Patwardhan"), for treatment of chronic low back pain. See Record Document 1, Ex. 4 at 1. After a series of office visits and unsuccessful non-invasive treatments, Dr. Patwardhan performed three procedures on Oliver, specifically a decompressive lumbar laminectomy at L3-4, a bilateral L4-5 foraminotomy and a L5-S1 transforaminal lumbar interbody fusion. See id., Ex. 4 at 3. According to the Barnetts, Oliver did not consent to the L4-5 foraminotomy. The

Barnetts further assert that Dr. Patwardhan committed several acts of medical malpractice which progressively worsened Oliver's pain.

On November 2, 2009, the Barnetts filed a claim against Dr. Parwardhan with the Medical Review Panel.  On March 13, 2012, the review panel issued an opinion concluding that Dr. Patwardhan committed medical malpractice.  On May 25, 2012, the Barnetts filed suit against Dr. Patwardhan in the First Judicial District, Caddo Parish, Louisiana, alleging medical malpractice and lack of informed consent.  See Record Document 1, Ex. 4.  On June 11, 2012, Dr. Patwardahn removed the case to federal court.  See Record Document 1.  The Barnetts subsequently amended their complaint to add as defendants Comprehensive Neurosurgery LLC and Louisiana Medical Mutual Insurance Company.  See Record Documents 23 and 27.

Thereafter, the Barnetts filed this motion for partial summary judgment, seeking judgment in their favor on the issue of liability.  See Record Document 52.  The defendants opposed the motion, but the Barnetts failed to file a reply.  See Record Document 57.

## II. ANALYSIS

A.      **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004).  If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial."

As the plaintiffs, the Barnetts bear the burden of proving their claims at trial. To prevail on their motion for summary judgment, they must come forward evidence which would entitle them to a directed verdict if the evidence went uncontroverted at trial. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999).  Thus, in order for the court to grant their motion, the Barnetts must establish that a reasonable jury would not have a legally sufficient evidentiary basis to find for Patwardhan on the issue of liability.

3

**B.   Medical Malpractice.**[2]

To establish a claim for medical malpractice under Louisiana law, the Barnetts must show: (1) the standard of care applicable to the defendant; (2) that the defendant breached that standard of care; and (3) that there was a causal connection between the breach and the resulting injury. See La. R.S. 9:2794; Samaha v. Rau, 977 So.2d 880, 883-84 (La. 2008).  The Barnetts submit the medical review panel's opinion and affidavits from two of its members in order to show that Dr. Patwarden breached the applicable standard of care.  However, the medical review panel opinion is not conclusive evidence that Dr. Patwardhan failed to comply with the requisite standard of care, or for any other purpose. See La. R.S. 40:1299.47(H); Carter v. Hebert, 943 So.2d 1191, 1193 (La. App. 4th Cir. 2006).

The Barnetts also submit expert reports from other physicians which conclude that Dr. Patwardhan's treatment fell below the standard of care, but the defendants have produced their own expert reports and affidavits concluding the opposite. See Record Document 52, Exs. 3, 9, and 10; Record Document 57, Exs. 1 and 2. Accordingly, there is a genuine dispute as to the material fact of whether Dr. Patwardhan breached the applicable standard of care and summary judgment is

---

[2]   This diversity case is governed by Louisiana substantive law. See Erie R. Co. v. Tompkins, 304 U.S. 64, 585 S.Ct. 817 (1938).

inappropriate.

**C.    Informed Consent.**

The Louisiana Uniform Consent Law requires disclosure of the nature and purpose of a medical or surgical procedure and any material risks, including loss of function of any limb.  <u>See</u> La. R.S. 40:1299.39.5(A).  The Barnetts allege that although Oliver consented to a decompressive lumbar laminectomy at L3-4 and a L5-S1 transforaminal lumbar interbody fusion, he did not consent to the L4-5 foraminotomy.  The defendants, however, have produced an affidavit from Dr. Patwardhan in which he states that he did in fact discuss the procedure at L4-5 with Oliver.  <u>See</u> Record Document 57, Ex. 3 at 1-3.  There is also evidence in the record that Dr. Patwardhan communicated his concerns about Oliver's symptoms at the L4-5 with the doctor  who referred Oliver to Dr. Patwardhan.  <u>See</u> Record Document 57, Ex. 5 at 42.  Therefore, there is a genuine dispute of fact as to whether Oliver consented to the foraminotomy at L4-5.

## II.  CONCLUSION

For the reasons stated above, the Barnetts' motion for summary judgment is **DENIED**.  An order consistent with the terms of this memorandum shall issue herewith.

5

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 29ᵗʰ day of

August, 2013.

_____
JUDGE TOM STAGG

6